The STATE of Ohio

v.

SMITH.

Hamilton County Municipal Court.

Nos. 95 CRB 24022 and 95 CRB 24021.

Decided Sept. 13, 2000.

*Traci Wallace,* Assistant City Prosecutor, for the state of Ohio.

*Jonathan P. Dameron,* for defendant.

ELIZABETH B. MATTINGLY, Judge.

This matter came on for decision on defendant Smith's motion to dismiss based on her claim that the state failed to commence the prosecution of these misdemeanor charges of assault within the two-year statute of limitations as required by R.C. 2901.13. Defendant, Teri Britten Smith, further urges that the state denied her the right to a speedy trial in violation of Section 10, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution and in violation of R.C. 2945.71(B)(2).

The statute governing time limitations for prosecution of criminal offenses is R.C. 2901.13, which stated, at the time in question, the following:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

" * * *

"(2) for a misdemeanor other than a minor misdemeanor, two years."

As for when a prosecution is commenced, the statute at subsection (E) states:

"A prosecution is commenced on * * * the date a warrant, summons, citation, or other process is issued, whichever occurs first. * * * A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same."

■ When the statute of limitations is urged as a defense to a criminal charge, the state bears the burden of proving that the time when the crime was committed comes within the appropriate statute of limitations. *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.* (1999), 85 Ohio St.3d 582, 587, 709 N.E.2d 1192, 1195–1196.

■ In this instance, following an unsuccessful attempt to resolve the matter pursuant to private complaint, Dawn Parsh and Stephanie Tepe filed complaints with the Hamilton County Municipal Court on July 6, 1995, alleging assaults by Teri Britten (now Smith) that occurred on May 28, 1995. Warrants for defendant's arrest were issued as a result. However, the official record of these cases shows that no return was made on the warrants and that they were never executed. Defendant Smith became aware of the existence of the warrants when a record check was run by police as part of a routine traffic stop.

Defendant asserts, without contradiction by the state, that she has lived at the same address from 1988 to 1998 and in no way attempted to conceal herself to avoid prosecution. Indeed, the address listed on the Private Complaint Mediation Service report is a local address.

The court finds that the state has not met its burden of showing that the execution of the warrants in question was pursued with reasonable diligence. As a result, the court finds that the state has not complied with the statute of limitations on these charges and can no longer pursue prosecution of same pursuant to the requirements of R.C. 2901.13.[1] The above-listed charges are hereby dismissed.

*Cause dismissed.*

---

1. Due to the court's decision concerning the applicability of R.C. 2901.13, the other bases for dismissal urged by defendant need not be addressed.